(36 Misc. Rep. 732.)

### In re BASSFORD.

(Supreme Court, Trial Term. New York County. January, 1902.)

1. EMINENT DOMAIN—AWARD—INTEREST.
   Interest on damages awarded an owner of land in the city of New York taken in a proceeding to open a street, accruing after vesting of title in the city, is not part of the award.

2. SAME—COMPENSATION OF ATTORNEY.
   Where the owner of land taken in the opening of a street agrees to pay his attorney 10 per cent. of whatever award may be obtained, the owner is not entitled to a percentage of interest which accrues on the award between the time when the title vests in the city and confirmation of the report of the commissioners.

Application by Thomas S. Bassford to enforce his lien as an attorney on an award made to his client, George F. Johnson, in a special proceeding to open streets. Motion denied.

Ernest Hall, for petitioner.
Richard M. Bruno, for respondent.

SCOTT, J. On November 11, 1896, one George F. Johnson retained the petitioner to represent him in a proceeding for the opening of Leggett avenue, New York City. The terms of the retainer were as follows:

"I hereby retain and authorize you to represent my interests before the commissioners of estimate and assessment in this proceeding and before all proper authorities, and employ you in my behalf to obtain as large an award as possible for my lands located in the 23d ward, and referred to in the schedule at the fcot hereof; and I agree to pay you for your services ten per cent. of whatever award may be obtained for my land."

On June 23, 1897, the board of street opening and improvement passed a resolution directing that on the 1st day of July, 1897, the title of the lands required for the opening of Leggett avenue should vest in the city. This resolution was adopted pursuant to the authority of section 956 of the consolidation act (Laws 1882, c. 410), as amended by section 1, c. 660, Laws 1893, which provided that the city might, by a resolution of said board, acquire title to land needed for opening a street before the presentation and confirmation of the report of the commissioners of estimate. Section 992 of the consolidation act, as amended by section 13 of the act of 1893, provided that "all damages awarded by the commissioners of estimate and assessment with interest thereon from the date when title to the lands shall have vested in the mayor, aldermen and commonalty of the city of New York as provided in this chapter and all costs and expenses which may be taxed" shall be paid to the person or persons entitled thereto. The commissioners made a final report on May 22, 1901, whereby they awarded to Johnson for his land the sum of $56,238.10. Under the section of the consolidation act last quoted, Johnson was entitled to interest on the sum from the date of the vesting of title in the city to the date of the confirmation of the report of the commissioners. This interest amounts to $13,975.16, making the total sum which Johnson is entitled to receive from the city $70,213.26. This proceeding is brought under section 66 of the Code of Civil Procedure, as amended by chapter 61, Laws 1899, which extends an attorney's lien to a special proceeding, and authorizes the court, upon the petition of the client or attorney, to determine and enforce the lien. The precise question involved is whether the petitioner is entitled to 10 per cent. of the amount awarded to Johnson by the commissioners of estimate and assessment, or to 10 per cent. of that sum plus the interest thereon from the date of the vesting of the title to the date of confirmation of the commissioners' report. The client, Johnson, concedes that the petitioner is entitled to receive 10 per cent. of the commissioners' award, but resists the claim that he is entitled to 10 per cent. upon the interest. The agreement for compensation was doubtless drawn by the petitioner himself, and, in any event, being an agreement between an attorney and his client, must be construed, if ambiguous or doubtful, most strongly in favor of the client. What the client agreed to pay was 10 per cent. of whatever "award" might be obtained for his land. The term "award," as used in connection with street opening proceedings, has a well-

defined meaning, as expressing the amount reported by the commissioners of estimate and assessment as the value of the land taken. It cannot, I think, be doubted that the award in any condemnation case is the amount reported by the commissioners as the value of the property taken. It is to enhance this valuation that an attorney is employed, and it is only in this regard that his skill and experience can be of any value to his client. The interest upon the award follows as a matter of law. It matters little whether this interest be denominated as a penalty imposed upon the city for its delay in paying for the land, or as a sum paid for the right to use the land pending the condemnation proceeding. In neither aspect is it a part of the award for the land taken. The general rule underlying the acquisition of private property for public uses is that the transference of title and the liability to pay for it are coincident. An exception is made in favor of the municipality upon the ground of public convenience, and because of the presumption that the public credit is equivalent to immediate cash payment. But, even when title is permitted to vest in the city before actual payment, it is only the payment that is postponed. The liability to pay accrues at the moment that the title passes, and the amount to be paid is to be determined as of that date. That amount, whenever actually fixed, constitutes the award for the land taken. The interest upon the amount so fixed is not a part of the award for the land taken, but merely compensation accorded for the use of the property. In re Opening of East 169th Street (Sup.) 56 N. Y. Supp. 819, affirmed 40 App. Div. 452, 58 N. Y. Supp. 100. I feel constrained to hold that the amount upon which the applicant's percentage is to be calculated is the sum awarded by the commissioners in their final report, and does not include the interest thereon.

Motion denied, with $10 costs.